**POPPE & BHOURASKAR, LLP**
2050 Center Avenue
Suite 300
Fort Lee, New Jersey 07024
(201) 585-0046
*Attorneys for Plaintiffs*

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF NEW JERSEY</u>

| | | |
|---|---|---|
| JIN KU KIM and HANVIT CONSTRUCTION COMPANY INC. | : | CASE NO. |
| | : | |
| Plaintiffs | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| CONRAD J. RONCATI, JR, ARCHITECTURA, INC., | : | |
| DESIGN GROUP ARCHITECTURA, INC, | : | |
| and JUN S. LEE | : | **COMPLAINT** |
| | : | |
| Defendants | : | |

Plaintiffs Jin Ku Kim ("Kim") and Hanvit Construction Company Inc. ("Hanvit", and together with Kim, the "Plaintiffs"), by their attorneys, Poppe & Bhouraskar, LLP, allege as follows:

<u>SUMMARY OF ALLEGATIONS</u>

1.  At all times relevant herein, defendant Conrad J. Roncati, Jr. ("Roncati"), through and together with defendants Design Group Architectura Inc. ("Architectura") and Architectura Inc. ("Architectura II", and together with Architectura, the "Architectura Defendants"), conducted, directed and otherwise controlled a business engaged in the practice of architecture ("Defendants' Business").

1

2. At all times relevant herein, Defendants' Business maintained offices at and operated from 935 River Road, Edgewater, New Jersey.

3. At all times relevant herein, defendant Jun S. Lee ("Lee", and together with Roncati and the Architectura Defendants, referred to herein as the "Defendants"), was authorized by Roncati and the Architectura Defendants to act on their behalf as their agent to solicit investments for Defendants' Business.

4. Commencing no later than May, 2003 and continuing through to the date of this complaint, Defendants concealed their true purpose and activities from Plaintiffs, and that concealment continued up to and until the filing of this Complaint.

5. Defendants actively and fraudulently solicited Plaintiffs within the State of New Jersey to purchase unregistered securities that Defendants knew did not exist, and by virtue thereof, Defendants knew that they did not have legal title to the securities they contracted to sell to Plaintiffs.

6. The stated purpose of the transactions complained of herein, as articulated and represented by Defendants to Plaintiffs, was for Defendants to sell Plaintiffs 20% of the securities in and to Defendants' Business, in exchange for a total consideration of $400,000.00. Defendants also represented to Plaintiffs, as consideration for their investment, that Plaintiffs would receive, among other benefits, $60,000.00 per annum as dividends.

7. Defendants, however, as more particularly alleged herein, fraudulently devised and carried out a sham transaction where they (i) solicited and induced Plaintiffs to invest in Defendants' Business, (ii) fraudulently identified a certain business entity (Architectura II) as the business entity controlling and owning Defendants' Business, and

(iii) sold Plaintiffs securities in Architectura II, notwithstanding Defendants' specific knowledge at the time that their representations were made to Plaintiffs, that Architectura II had not been formed, had not authorized or issued any such securities and that defendant Roncati did not possess Architectura II securities to dispose of.

8.   Through their knowingly orchestrated misrepresentation of Defendants' Business, Defendants were able to profit in the amount of $400,000.00 through their fraudulent sale to Plaintiffs of non-existent securities, thereby causing Plaintiffs to suffer a loss of $400,000.00 plus additional benefits, such as $60,000.00 per year in dividends, which, despite demand for the same, Defendants have refused to return or otherwise pay to Plaintiffs.

## VIOLATIONS

9.   By virtue of the conduct alleged herein, the Defendants, directly or indirectly, singly and / or in concert, have engaged and are engaging in acts, practices and courses of business, that constitute violations of laws as more particularly described herein, including but not limited to, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5.

## JURY DEMAND

10. Plaintiffs hereby demand a trial before a jury.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question).

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (Diversity of Citizenship), as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a state and citizens or subjects of a foreign state

13. This Court has exclusive jurisdiction over this action, pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa (Jurisdiction of Offenses and Suits), Section 29(b) of the Exchange Act, 15 U.S.C. §78cc(b) (Contract Violations), Section 10(b) of the Securities Exchange Act, 15 U.S.C. 78j(b) (Fraud), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.165-5..

14. Venue lies in this District pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa. The Defendants, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, or of the mails, in connection with the transactions, acts, practices and courses of business alleged herein. A substantial part of the events and omissions giving rise to the claims occurred in the Judicial District of New Jersey, such as: Roncati and Defendants' Business maintain their headquarters in this Judicial District; the Defendants received and solicited investor funds in this Judicial District; and the Defendants used bank accounts serviced by banks in this Judicial District in connection with the acts complained of herein.

15. Defendant Lee also resides in this Judicial District, received and solicited investor funds in this Judicial District, and used bank accounts serviced by banks in this Judicial District in connection with his participation in the transactions complained of herein.

16. Defendant Roncati also resides in this Judicial District, received and solicited investor funds in this Judicial District, and used bank accounts serviced by banks in this Judicial District in connection with the transactions complained of herein.

## THE PARTIES

17. Defendant Roncati resides at 272 Schraalenburgh Road, Haworth, New Jersey.

18. Defendant Architectura is, and was at all times relevant herein, a corporation found and organized under the laws of New Jersey, having a principal place of business at 935 River Road, Edgewater, New Jersey 07020.

19. At all times relevant herein, Roncati controlled and otherwise directed the activities of Architectura, handled all of Architectura's accounts and collections and maintained Architectura's checkbook and all of its financial books and records. At all times relevant herein, defendant Roncati served as the principal and president of Architectura.

20. Defendant Architectura II is a corporation formed under the laws of New Jersey on July 23, 2003, and registered at 272 Schraalenburgh Road, Haworth, New Jersey. A copy of Architectura II's "Business Entity Status Report" with the State of New Jersey is annexed hereto and made a part hereof as Exhibit "A".

21. Architectura II operates and conducts its principal business from 935 River Road, Edgewater, New Jersey 07020.

22. Defendant Roncati also served as the principal and president of Architectura II. At all relevant times, Roncati controlled and otherwise directed the activities of Architectura II, handled all of Architectura II's accounts and collections and maintained Architectura II's checkbook and all of its financial books and records.

23. Plaintiffs are informed and believe, and on that basis aver, that at all times relevant herein, that defendant Roncati has conducted business through the Architectura Defendants interchangeably and as if they were the same entity.

24. Defendant Jun S. Lee ("Lee") resides at 349 4th Street, Palisades Park, New Jersey.

25. Plaintiff Jin Ku Kim is a citizen of the Republic of Korea.

26. Plaintiff Hanvit is a corporation organized and formed under the laws of the Republic of Korea.

27. Plaintiff Kim is the principal and chairman of plaintiff Hanvit.

## THE FRAUDULENT TRANSACTIONS

28. Plaintiffs' claims involve two separate but related Agreements (as hereinafter defined) to purchase securities in Defendants' Business. Each of the Agreements was drafted by Roncati.

    a. First, no later than May 2003, prior to Architectura II's formation, Defendants induced Plaintiff Jin Ku Kim to purchase securities in Defendants' Business. Defendants, acting through defendant Roncati, fraudulently entered into an agreement on July 1, 2003, purporting to sell certain assets (11% of Architectura II's stock, represented to be held exclusively by Roncati) to plaintiff Kim in exchange for $220,000.00 ("Kim Agreement"). A copy of the Kim Agreement is annexed hereto and made a part hereof as Exhibit "B".

    b. Second, no later than May, 2003, prior to Architectura II's formation, Defendants induced Plaintiff Hanvit to purchase securities in Defendants'

Business. Defendants, acting through defendant Roncati, fraudulently entered into this agreement on July 1, 2003, well before Architectura II's formation, purporting to sell certain assets (9% of securities in Architectura II, held exclusively by Roncati) to plaintiff Hanvit in exchange for $180,000.00 ("Hanvit Agreement", and collectively with the Kim Agreement referred to herein as the "Agreements"). A copy of the Hanvit Agreement is annexed hereto and made a part hereof as Exhibit "C".

29. The two Agreements were a complete sham. On July 1, 2003, Defendants knew that Architectura II was a fabrication, and simply did not exist. In fact, Defendants did not form Architectura II until July 23, 2003, after defendant Roncati and Plaintiffs entered in to the Agreements and after Plaintiffs had paid the funds solicited by Defendants.

30. Nonetheless, based upon Defendants' materially misleading representations that Architectura II operated and controlled Defendants' Business prior to July 1, 2003, and by showing Plaintiffs Architectura's offices and assets and representing to Plaintiffs prior to July 1, 2003 that the same were owned by Architectura II, Defendants induced Plaintiffs to purchase sham securities in the then fictitious Architectura II.

31. In addition, within the Agreements, Defendants, acting in concert with and through Roncati, made a series of representations, each of which were known by Defendants to be false and misleading at the time they were made, both prior to entering into the Agreements, and at the time of Defendants' sale of securities in Architectura II.

32. More particularly, in the first "Whereas" clause of the Agreements, Roncati, as Seller, represented that:

a. "Seller is the record owner and holder of outstanding shares of the Common stock of Architectura, Inc., hereinafter referred to as the "Corporation", a "C" corporation, which Corporation had issued Common stock to the Seller (First Whereas Clause)

b. At the time of this representation, Roncati knew these representations to be false and misleading as Architectura II (i) was not incorporated, (ii) was not capable of issuing shares; (iii) was not a registered as a "C" Corporation; and (iv) Roncati therefore did not have title to Architectura II securities.

33. In Paragraph 1(a) of the Agreements, Roncati represented:

a. "Seller shall sell, convey and transfer, or cause to be sold, conveyed or transferred, a portion of he Seller's Corporation's Stock and deliver to the Purchaser certificates representing such stock" (1a)

b. At the time of this representation, Roncati know these representations to be false and materially misleading as (i) Architectura II had not issued or otherwise disposed of stock to Roncati; (ii) Roncati did not have title to Architectura II securities, (iii) Architectura II did not exist as a business legal corporate business entity , and (iv) Roncati did not deliver Plaintiffs certificates representing the stock purchased by Plaintiffs.

34. In Paragraph 3(a) of the Agreements, Roncati represented:

(a) "Corporation is a corporation duly organized, validly existing and in good standing under the laws of the State of New Jersey and has the corporate power and authority to carry on its business as it is now being conducted." (3(a))

(b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Architectura II was (i) not duly organized, (ii) not validly existing, (iii) not in good standing under the laws of the State of New Jersey, (iv) not authorized to carry on business; and (v) not validly engaged in the carrying on of any business.

35. In Paragraph 3(a)(i) of the Agreements, Roncati represented that:

(a) Corporation had a Certificate of Incorporation certified by the Secretary of State of the State of New Jersey. (3(a)(i))

(b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Architectura II did not have a Certificate of Incorporation certified by the Secretary of State of the State of New Jersey

36. In Paragraph 3(b)(i) of the Agreements, Roncati represented that:

(a) "Seller is not a party to any agreement, written or oral, creating rights in respect to the Corporation's Stock in any third person or relating to the voting of the Corporation's Stock" (3(b)(i))

(b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Roncati was contracting with both Hanvit and Kim regarding the sale of the same false securities, and

also had entered into an agreement with defendant Lee to share the proceeds from the sale of the complained of securities.

37. In Paragraph 3(b)(ii) of the Agreements, Roncati represented that:

    (a) "Seller is the lawful owner of the Seller's portion of the Corporation's Stock." (3(b)(ii))

    (b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Architectura II did not have stock to dispose to Roncati, as it did not yet exist, and therefore Roncati could not be the "lawful owner" of any of Architectura II's securities.

38. In Paragraph 3(e) of the Agreements, Roncati represented that:

    (a) "Seller has full power and authority to execute this Agreement and carry out the transactions contemplated by it and no further action is necessary by the Seller to make this Agreement valid and binding upon Seller and enforceable against it in accordance with the terms hereof, or to carry out the actions contemplated hereby." (3(e))

    (b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Roncati knew that because Architectura II did not exist, that he did have the power or authority to carry out the contemplated transaction, and further that he needed to first incorporate Architectura II before being able to dispose of its securities.

39. In Paragraph 3(e)(i) of the Agreements, Roncati represented that:

    (a) "The execution, delivery and performance of this Agreement by the Seller will not . . . Constitute a breach or violation of the Corporation's

Certificate of Incorporation, By-laws, or of any law, agreement, indenture, deed of trust, mortgage, loan agreement or other instrument to which it is a party, or by which it is bound" (3(e)(i))

(b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Architectura II did not have (i) a Certificate of Incorporation, (ii) By-laws, (iii) and the fraudulent stock purchase agreement violated federal and state securities laws.

40. In Paragraph 3(e)(ii) of the Agreements, Roncati represents that:

(a) "The execution, delivery and performance of this Agreement by the Seller will not . . . Constitute a violation of any order, judgment or decree to which it is a party or by which its assets or properties are bound or affected" (3(e)(ii))

(b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Architectura II did have any assets or properties.

41. In Paragraph 3(g) of the Agreements, Roncati represented:

(a) "The Corporation has timely prepared and filed all federal, state and local tax returns and reports as are and have been required to be filed and all taxes shows thereon to be due have been paid in full." (3(g))

(b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Architectura II had not filed any federal, state or local taxes, and because it did not exist, was not required to do the same.

42. In Paragraph 3(I) of the Agreements, Roncati represented:

    (a) "The corporation has good and merchantable title to all of its properties and assets…"(3(I))

    (b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Architectura II had no property or assets, including securities, to which it could possess merchantable title, as the entity did not exist, and Defendants had fraudulently represented the assets of defendant Architectura to be those that Plaintiffs were acquiring an ownership interest in.

43. In Paragraph 3(j) of the Agreements, Roncati represented:

    (a) "None of the Corporations' actions are prohibited by or have violated or will violate any law in effect on the date of this Agreement." (3(j)).

    (b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Roncati knew, or should have known, that the sale of phony securities violated federal and state securities laws, among others.

44. In Paragraph 3(j) of the Agreement, Roncati represented:

    (a) The Corporation is in compliance with all applicable laws, including, but not limited to, corporate laws, city, and/or county and state occupational laws and regulations, internal revenue laws, and any and all other laws which may effect the operation or liability of the Corporation…" (3(j))

(b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Architectura II did not exist, and that the attempted sale of its securities violated federal and state laws.

45. In Paragraph (4) of the Agreement, Roncati represented:

(a) "Seller and Purchaser hereby represent and warrant that there has been no act or omission by Seller, Purchaser or the Corporation which would give rise to any valid claim against any of the parties hereto for a brokerage commission, finder's fee, or other like payment in connection with the transactions contemplated hereby." (4)

(b) At the time this representation was made, Roncati knew that the statement was materially false and misleading because Roncati and the Architectura Defendants had employed Lee as their agent to solicit and secure investments into Defendants' Business, and Roncati and the Architectura Defendants paid Lee, upon information and belief, a fee between $100,000.00 and $180,000.00, in connection with his fundraising activities.

46. In Paragraph 5(d) of the Agreements, Roncati represented:

(a) "Between the date hereof and the Closing Date, Seller will promptly advise Purchaser in writing of any fact which, if existing or known at the date hereof, would have been required to be set forth herein or disclosed pursuant to this Agreement, or which would represent a material fact the disclosure of which would be relevant to the Purchaser." (5(d))

13

(b)  At the time the foregoing representations were made, and subsequent

thereto, Defendants knew that the statement was materially false and

misleading because Roncati failed to advise Plaintiffs that Architectura II did

not exist at the time of the Agreement, and that the purported sale of securities

was fraudulent.

47. On or prior to July 1, 2003, Plaintiffs' reliance on the foregoing fraudulently

representations, paid to Defendants and Defendants received $400,000.00 of Plaintiffs'

monies in connection with the sham transactions pursuant to the Agreements.

### FACTS COMMON TO ALL COUNTS

48. Plaintiffs are informed and believe, and on that basis aver, that at all times

relevant herein, in exchange for financial and other consideration, Roncati and the

Architectura Defendants authorized Lee to act on their behalf and as their agent.

49. Plaintiffs are informed and believe, and on that basis aver, on or about the first

quarter of 2003, and in no event later than May 2003, within the State of New Jersey,

Defendants Roncati and Architectura communicated with Lee, and authorized Lee to

approach and solicit investors on their behalf.

50. Plaintiffs are informed and believe, and on that basis aver, under the direction and

authorization of Roncati and the Architectura Defendants, Lee visited Kim at his

residence in Seoul, Korea to solicit investments for Roncati and The Architectura

Defendants.

51. Plaintiffs are informed and believe, and on that basis aver, under the direction and

authorization of Roncati and the Architectura Defendants, from within New Jersey, Lee

telephoned Kim and Hanvit, who were in Korea, to solicit Kim and Hanvit to invest funds with Roncati and the Architectura Defendants.

52. Lee has refused to repay Plaintiffs the money owed to them.

53. Roncati and the Architecture Defendants, despite demand thereof, failed to issue Plaintiffs certificates of stock pursuant to the Agreements, failed to notify Plaintiffs of corporate meetings, failed to distribute profits or company dividends to Plaintiffs, failed to disclose their books, records and other corporate documentation to Plaintiffs, and failed to disclose or share the minutes of corporate meetings with Plaintiffs.

54. Plaintiffs are informed and believe, and on that basis aver, that the Architectura Defendants did not maintain the necessary corporate formalities required by the State of New Jersey.

55. Despite demand for the same, Lee, Roncati and the Architectura Defendants failed to return the monies paid to them by Plaintiffs pursuant to the Agreements.


## **FIRST COUNT**
### **(Violations of and Aiding and Abetting Violations of Section 10(b) of the Exchange Act and Rule 10b)**

56. Plaintiffs repeat and reallege each the paragraphs above as if set forth in full herein.

57. Plaintiffs specifically incorporate herein by this reference, each of paragraphs 28-47 in full, which set forth Defendants' specific materially false and misleading statements, and the Plaintiffs reasons why such statements were misleading, in accordance with the PSLRA, 15 U.S.C. §78u-4.

58. Plaintiffs are informed and believe, and on that basis aver, that Lee, at all times relevant herein, knew that Architectura II had not been formed and did not exist.

59. Roncati, the Architectura Defendants and Lee deliberately orchestrated a sham transaction with Plaintiffs as a means to illegally solicit $400,000.00 from Plaintiffs. each of the Defendants knew that the purpose of the transaction was to sell non-existent securities to Plaintiffs in exchange for $400,000.00.

60. The Defendants made materially false and misleading statements, and omitted to state material facts necessary to make their statements accurate and not misleading.  More particularly, through their verbal and written representations that, in exchange for $400,000.00, Defendants offered Plaintiffs at least $60,000.00 in yearly dividends and a 20% ownership interest in Defendants' Business, which business Defendants represented was owned by Architectura II, when at the time such representations were made and repeated (May – July 2003), Defendants specifically knew that Architectura II was a fictitious entity that did not exist under the laws of any state or country, or have any legitimate securities to dispose of, or transfer to Roncati for disposal.

61. The Defendants' materially false and misleading statements were made with the intent to deceive, manipulate or defraud the Plaintiffs.  More particularly, at the time these statements were made, Defendants knew that Architectura II did not have valid securities to dispose of, did not conduct business, as the entity did not exist, and was therefore unable to vest Roncati with Architectura II securities on or before July 1, 2003, the date of the Agreements.

62. Defendants further knew and understood that Architectura II did not own, control or operate Defendants' Business, and that their false and misleading statements to

Plaintiffs that Architectura II owned Defendants' Business and its related assets were made for the sole purpose of inducing Plaintiffs to enter into the Agreements.

63. These materially false and misleading statements were made by Defendants solely to induce Plaintiffs to enter into the Agreements for the offer and sale of securities in Architectura II.

64. Plaintiffs specifically relied upon the Defendants' intentionally false and misleading verbal and written statements, as more fully set forth in the Agreements, regarding Architectura II, and its non-existent securities and assets.

65. As a direct result of Plaintiffs' reliance on Defendants' false and misleading statements, Defendants' induced Plaintiffs to invest $400,000.00.

66. The Defendants, acting individually and in concert, in connection with the purchase and sale of securities in Architectura II, directly and indirectly, by the use of the means and instrumentalities of interstate commerce or of the mails, have employed or are employing devices, schemes and artifices to defraud; have made untrue statements of material fact and have failed to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and have engaged in acts, practices and courses of business which have operated or would operate as a fraud and deceit upon Plaintiffs.

67. The Defendants knew or were reckless in not knowing of the activities described above.

68. Roncati, the Architectura Defendants and Lee have thus acted in violation of Section 10 (b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5.

69. In the alternative, by reason of the foregoing, the Architectura Defendants and Lee have aided and abetted in Roncati's violations of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5(a), (b) and (c) promulgated thereunder [17 C.F.R. §240.10b-5]

**WHEREFORE**, Plaintiffs respectfully request a Final Judgment:

a.  Ordering Roncati, the Architectura Defendants and Lee to disgorge any ill-gotten gains from the conduct alleged herein and to pay prejudgment interest thereon,

b.  Ordering Roncati, the Architectura Defendants and Lee to return the monies paid by Plaintiffs and pay over any and all gains realized by Defendants as a result of the conduct alleged herein.

c.  Ordering Roncati, the Architectura Defendants and Lee to pay civil money penalties, pursuant 15 U.S.C. §78j(b).

d.  Ordering Roncati, the Architectura Defendants and Lee to pay to Plaintiffs the difference between the monies Plaintiffs paid to Defendants and value received by Plaintiffs.

e.  Attorneys fees and costs

f.  For such other and further relief as the Court deems proper, together with the costs and disbursements of this action

## SECOND COUNT
### (Violations of a Dealer Under 15 U.S.C.S. §78o)

70. Plaintiffs repeat and reallege each the paragraphs above as if set forth in full herein.

71. Plaintiffs are informed, and on that basis aver, that Lee failed to disclose the true nature of the Defendants conduct as alleged herein, and further failed to disclose to Plaintiffs that he was the paid agent of Roncati and the Architectura Defendants, and was to receive compensation from them for his services in soliciting Plaintiffs.

72. Defendant Lee, through making materially false and misleading statements to induce Plaintiffs' investment in Defendants' Business as an account of another, acted as a dealer pursuant to 15 U.S.C.S. §78o(a)(1).

73. Plaintiffs are informed, and on that basis aver, that defendant Lee is not a registered broker with the Securities and Exchange Commission.

74. Lee engaged in the business of effecting the Agreements, securities transactions, which were accounts of another, namely Defendants' Business.

75. As more fully set forth above, Lee solicited Plaintiffs' investment by phone and in person. Lee further distributed documents and actively sough to effect the above securities transactions memorialized, to a certain extent, in the Agreements.

**WHEREFORE**, Plaintiffs demand a final judgment:

    a.   Disgorging Lee of his ill-gotten gains received by or as a result of Plaintiffs' $400,000.00 investment in Defendants' Business.

    b.   Civil Penalties pursuant to 15 U.S.C. §78u(d)(3);

    c.   Attorneys fees and the costs of this action, and

    d.   For any other such relief as the Court deems appropriate.

## THIRD COUNT
### (CORPORATE DISSOLUTION PURSUANT TO N.J.S.A. §14A:12-7(1)(c))

76. Plaintiffs repeat and reallege each of the paragraphs above as it set forth in full herein.

77. Based upon the consideration paid by Plaintiffs for the stock of the Architectura Defendants, Plaintiffs reasonably expected to take part in the operation of the Architectura Defendants.

78. Notwithstanding that the Defendants Business was profitable, the Architectura Defendants and Roncati failed to disclose the profits of Defendants' Business and dividends to Plaintiffs, as more fully set forth in the Agreements.

79. Based upon information and belief, and on that basis, Plaintiffs aver that Defendants the Architectura Defendants and Roncati misapplied and wasted corporate funds.

80. Plaintiffs are informed, and on that basis aver, that Defendants the Architectura Defendants and Roncati have acted fraudulently or illegally, mismanaged the Architectura Defendants, or that Roncati has abused his authority as an officer or director of the Architectura Defendants.

81. The Architectura Defendants' and Roncati's actions have frustrated Plaintiffs' fair and reasonable expectations as minority shareholders of the Architectura Defendants.

**WHEREFORE**, Plaintiffs demand judgment pursuant to N.J.S.A §14A:12-7(1)(c):

    a. Dissolving the Architectura Defendants.

    b. Or, in the alternative, ordering a sale of the Architectura Defendants' stock

    c. appointing a provisional director for the Architectura Defendants

    d. appointing a custodian for the Architectura Defendants.

  e. For such other and further relief as the Court deems proper, together with the costs and disbursements of this action

## FOURTH COUNT
### (Minority Shareholder Oppression Against Roncati)

82. Plaintiffs repeat and reallege each of the paragraphs above as if set forth in full herein.

83. At all relevant times, Plaintiffs continue to be 20 percent shareholders of the Architectura Defendants.

84. Roncati has failed and refused to provide Kim and Hanvit access to the Architectura Defendants' corporate and financial books, records, and accounts.

85. Roncati has misappropriated the assets of the Architectura Defendants, and has utilized the Architectura Defendants' assets to pay personal expenses.

86. Roncati has frozen out Plaintiffs from the management of the Architectura Defendants, and has denied Plaintiffs the reasonably expected benefits of said ownership.

87. Roncati has mismanaged the Architectura Defendants, and has otherwise engaged in conduct violative of N.J.S.A. 14A:12-7.

**WHEREFORE**, Plaintiffs demand judgment against Roncati as follows:

  a. Ordering Roncati to sell his ownership interest in the Architectura Defendants back to the corporation pursuant to N.J.S.A. 14A:12-7(7), or in the alternative, to Hanvit.

  b. Alternatively, ordering Roncati to purchase Plaintiffs' interest in the Architectura Defendants for fair value;

c.  Enjoining Defendants from transferring, disposing of, selling, encumbering, or hypothecating any accounts, inventory, leases, equipment, real estate or other assets of the Architectura Defendants without the consent of all shareholders;

d.  Directing that Defendants turn over all books and records relating to all of the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

e.  Providing an accounting of all the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

f.  Awarding compensatory damages, including prejudgment interest;

g.  Awarding punitive damages;

h.  Awarding attorney fees and cost of suit; and

i.  Awarding such other and further relief as the Court may deem just, equitable, and proper.

### FIFTH COUNT
### (CONSPIRACY)

88. Plaintiffs repeat and reallege each of the paragraphs above as if set forth in full herein.

89. During the course of their negotiations, in order to induce Plaintiffs to purchase an interest in the Architectura Defendants, Defendants Roncati and Lee represented to

Plaintiffs  Kim and Hanvit that the Architectura Defendants would distribute a preferential yearly dividend to Plaintiffs .

90. During the negotiations, Defendants Lee, Roncati and the Architectura Defendants were fully aware that this preferential yearly dividend, in addition to Roncati's option to repurchase Plaintiffs' shares in Defendants' Business by July 2006, among others, were considered by Plaintiffs to be the most essential and valuable assets of the transaction, and the price negotiated was predicated upon this belief.

91. Plaintiffs and defendant Roncati executed the Agreements, dated July 1, 2003 pursuant to which Plaintiffs were to acquire an unrestricted 20% interest in the Architectura Defendants for a total purchase price of $400,000.00.

92.  Plaintiffs are informed and believe, and on that basis aver, Defendants knowingly, willfully and specifically withheld from Plaintiffs material facts, such as that Defendants had no intention of making any such dividend payments, issuing certificates of stocks to Plaintiffs, or otherwise advising Plaintiffs of corporate matters.

93. Plaintiffs are informed and believe, and on that basis aver, each of the Defendants participated in a scheme to defraud the Plaintiffs by making materially false, fraudulent and misleading representations concerning the Agreements and Plaintiffs' entitlements based thereupon.

94. Plaintiffs are informed and believe, and on that basis aver, as part of this scheme, each of the Defendants acted in bad faith and with actual intent to defraud the Plaintiffs.

95. Plaintiffs are informed and believe, and on that basis aver, each of the Defendants knew of the misrepresentations and omissions set forth in this complaint with respect to the Agreements.

96. As a result of these false, fraudulent and misleading misrepresentations and omissions of material facts, Plaintiffs paid substantial consideration for assets which it never received.

97. Such acts of the Defendants constitute fraud and deceit.

98. Plaintiffs relied upon the representations made by Defendants, and would not have executed the Agreements and closed the transaction except for its reliance to its detriment on those representations.

**WHEREFORE,** Plaintiffs have been damaged in an amount yet to be determined at trial, but in no event less than $400,000.00 plus $60,000.00 per annum in dividends, and interest, plus any and all profits and gains earned by the Architectura Defendants as a result of their conduct complained of herein.

## SIXTH COUNT
### (Breach of Fiduciary Duty)

99. Plaintiffs repeat and reallege each of the paragraphs above as if set forth in full herein.

100. Roncati, as 80 percent shareholder of the Architectura Defendants, owes a fiduciary duty to the Architectura Defendants and its shareholders, Kim and Hanvit.

101. Roncati's conduct as aforesaid was performed in violation of his fiduciary duties to the Architectura Defendants and its shareholders.

**WHEREFORE**, Plaintiffs demand judgment against Roncati as follows:

    a. Enjoining Defendants from transferring, disposing of, selling,

        encumbering or hypothecating any accounts, inventory, leases, equipment,

real estate or other assets of the Architectura Defendants without the
consent of all shareholders;

b.  Directing that Defendants turn over all books and records relating to all of
the Architectura Defendants' bank accounts, investment accounts, account
payables, credit card statements, account receivables, contracts, inventory,
leases, real property, and other assets;

c.  Providing an accounting of all the Architectura Defendants' bank
accounts, investment accounts, account payables, credit card statements,
account receivables, contracts, inventory, leases, real property, and other
assets;

d.  Awarding compensatory damages, including prejudgment interest;

e.  Awarding punitive damages;

f.  Awarding attorney fees and cost of suit; and

g.  Awarding such other and further relief as the Court may deem just,
equitable and proper.


### SEVENTH COUNT
### (Breach of the Covenant of Good Faith and Fair Dealing Against Roncati)

102.    Plaintiffs repeat and reallege each of the paragraphs above as if set forth in
full herein.

103.    A Certificate of Incorporation is contract between the company's
shareholders.

104.    All contracts in New Jersey carry an implied obligation of good faith and
fair dealing.

105.     Roncati's conduct was performed in violation of his duty of good faith and fair dealing.

**WHEREFORE,** Plaintiffs have been damaged, and respectfully request a final judgment:

a.  Enjoining Defendants from transferring, disposing of, selling, encumbering or hypothecating any accounts, inventory, leases, equipment, real estate or other assets of the Architectura Defendants without the consent of all shareholders;

b.  Directing that Defendants turn over all books and records relating to all of the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

c.  Providing an accounting of all the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

d.  Awarding compensatory damages, including prejudgment interest;

e.  Awarding punitive damages;

f.  Awarding attorney fees and cost of suit; and

g.  Awarding such other and further relief as the Court may deem just, equitable and proper.

## EIGHTH COUNT
### (Unjust Enrichment Against Roncati and the Architectura Defendants)

106.     Plaintiffs repeat and reallege each of the paragraphs above as if set forth in full herein.

107.     Defendants have withdrawn or caused to be withdrawn funds and assets from the Architectura Defendants without the proper authorization.

108.     Defendants have retained the benefit of those funds for their own financial gain.

109.     Defendants have not provided any pecuniary benefit for the funds or assets that they have taken or caused to be taken from the Architectura Defendants.

110.     Defendants' unjust enrichment has caused Plaintiffs  injury.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

  a.   Enjoining Defendants from transferring, disposing of, selling, encumbering or hypothecating any accounts, inventory, leases, equipment, real estate or other assets of the Architectura Defendants without the consent of all shareholders;

  b.   Directing that Defendants turn over all books and records relating to all of the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

  c.   Providing an accounting of all the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

    d.   Awarding compensatory damages, including prejudgment interest;

    e.   Awarding punitive damages;

    f.   Awarding attorney fees and cost of suit; and

    g.   Awarding such other and further relief as the Court may deem just, equitable and proper.

**NINTH COUNT**
**(Rescission of the Agreements)**

111.    Lee and Roncati, at all times relevant herein, acted as the agents of the Architectura Defendants, to procure subscriptions to its capital stock, and defendants Roncati and Lee thereafter engaged in procuring such subscriptions.

112.    Commencing no later than May, 2003, Roncati and Lee, acting in concert and agents of each other, intentionally induced Plaintiffs to subscribe to the capital stock of the Architectura Defendants, and to pay for such shares by falsely and fraudulently representing to Plaintiffs that the Architectura Defendants would issue them shares of stock for their investment, provide them with a specific and identifiable yearly return of not less than $60,000.00.

113.    The representations were false and fraudulent and were known to the Defendants to be false and fraudulent when made; in truth, Defendants Lee, Roncati and the Architectura Defendants never issued Plaintiffs any shares of the Architectura Defendants, nor did they provide Plaintiffs the return and profit on their investment as promised, despite their receipt of $400,000.00 of Plaintiffs' money.

114.    Each of the facts stated by the Defendants were material facts affecting the value of the stock.

115.     Plaintiffs did not know that Defendants' statements were false, but believed each of them to be as represented by Defendants Roncati, the Architectura Defendants, and Lee, and in reliance on such statements, Plaintiffs executed the Agreements.

116.     The Architectura Defendants and Roncati failed to deliver to Plaintiffs a notice of declaration of dividend at any point between July, 2003 and the present.

117.     The Architectura Defendants and Roncati failed to pay any dividends to Plaintiffs at any point between July, 2003 and the present.

118.     After July 2003, Plaintiffs made numerous requests to Defendants Roncati and the Architectura Defendants to furnish Plaintiffs with the Architectura Defendants' financial and general information and affairs.

119.     Plaintiffs' requests were all refused or ignored, and Plaintiffs received no further information in this regard.

120.     The Plaintiffs, having been led to believe by the Defendants representations, and the Agreements, that their investments would be paid back with a pre-set profit, requested the Defendants to furnish full information and make full disclosure of the facts relating to the financial situation of the Defendants, Roncati and the Architectura Defendants, and to the issuance of its capital stock, but such information and disclosure were entirely refused by the Defendants.

121.     The Plaintiffs pursued other inquires which led Plaintiffs  to believe that Defendants Roncati and the Architectura Defendants had no intention of issuing stock certificates to Plaintiffs, advising them of corporate dealings, or otherwise paying monies to the Plaintiffs  as set forth in the respective Agreements.

122.     Upon obtaining this information, Plaintiffs Kim and Hanvit sought to obtain the consent of Defendants Roncati and the Architectura Defendants to a mutual voluntary rescission of the sale to the Plaintiffs of the stock, and the return to Plaintiffs the amount of the purchase price of the stocks, with interest.

**WHEREFORE,** Plaintiffs Kim and Hanvit demand judgment:

    a.  Rescinding the Agreements

    b.  Ordering an accounting of the sums paid by Plaintiffs to Defendants Lee, Roncati and the Architectura Defendants, with interest, and the balance due to Plaintiffs upon the rescission;

    c.  Granting judgment for the balance, as determined in the accounting, against the Defendants;

    d.  For such other and further relief as the Court deems proper, together with the costs and disbursements of this action.

## TENTH COUNT
### (BREACH OF CONTRACT)

123.     Plaintiffs repeat and reallege each of the paragraphs above as if set forth in full herein.

124.     Plaintiffs are informed and believe, and on that basis aver, that at all times herein mentioned, each of the Defendants sued herein was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

125.     Plaintiffs paid to Defendants and their agents $400,000.00 consideration pursuant to the Agreements

126.     Plaintiffs have performed all conditions, covenants, and promises required of Plaintiffs to be performed in accordance with the terms and conditions of the Agreements.

127.     As a result of Defendants aforementioned conduct, which is set for more particularly above, and which is incorporated herein by this reference, the Defendants breached the said Agreements by, among other things, refusing to issue Plaintiffs certificates of stock, an equitable distributive share of the Architectura Defendants' profits, and by prohibiting Plaintiffs from voting on issues relating to the operation and management of the Architectura Defendants.

128.     By reason of Defendants Roncati's and the Architectura Defendants' breach of said Agreements as herein alleged, Plaintiffs have suffered damages in an amount to be determined at trial, but in any event no less than $400,000.00, plus $60,000.00 per annum from July 1, 2003, plus prejudgment interest thereon.

129.     By the terms of said written Agreements, the Plaintiffs are entitled to recover reasonable attorney fees incurred in the enforcement of the provisions of the agreement. By reason of Defendants' aforementioned breach, the Plaintiff has been forced to secure the services of the legal firm of Poppe & Bhouraskar, LLP to prosecute this lawsuit.

**WHEREFORE**, Plaintiffs pray judgment against Defendants and each of them, as follows:

   a.   For compensatory damages in the sum of $400,000.00 plus $60,000.00 per annum from July 1, 2003.

   b.   For interest from and after July 1, 2003 to date of judgment;

c.   For reasonable attorney fees according to proof;

d.   For costs of suit herein incurred; and

e.   For such other and further relief as the court may deem proper.

## ELEVENTH COUNT
### (CONSTRUCTIVE TRUST AND ACCOUNTING)

130.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

131.     Roncati was a fiduciary of Plaintiffs and the Architectura Defendants by virtue of his participation as the owner, manager, controller and / or principal of the Architectura Defendants.

132.     Roncati engaged in a scheme to defraud Plaintiffs and the Architectura Defendants which involved materially false and misleading statements and omissions regarding the true nature and status of the Architectura Defendants' distributive share to Plaintiffs, and the capital and other requirements of the Architectura Defendants.

133.     Plaintiffs are informed and believe, and on that basis aver, Roncati's withholding of Plaintiffs' equitable and distributive share of the Architectura Defendants' profits were unlawful and designed to deceive Plaintiffs and the Architectura Defendants as to the nature and status of such distributive shares and the value of Plaintiffs interest in the Architectura Defendants, and was intended to wrongfully enrich Roncati and / or the Architectura Defendants at the expense and loss of Plaintiffs and to the detriment of  the Architectura Defendants.

134.     Plaintiffs reasonably relied on Roncati's and the Architectura Defendants' misstatements and omissions and that reasonable reliance actually and proximately

harmed Plaintiffs and the Architectura Defendants by causing the Architectura Defendants to distribute profits without Plaintiffs being paid their equitable share of the distributed profits.

135.      Roncati's distribution of the Architectura Defendants' assets was fraudulent and breached Roncati's fiduciary duties to Plaintiffs and the Architectura Defendants, and as such those transfers are void *ab initio*.

136.      By reason of the foregoing, to the extent Roncati has exercised any rights or secured any benefits based on the void transfer of the Architectura Defendants' distribution of profits, Roncati holds such benefits and interests pursuant to a constructive trust, as *cestui que trust*, for the benefit of, and subject to the rights, entitlements, and interests of Plaintiffs and the Architectura Defendants.

**WHEREFORE**, the Plaintiffs respectfully pray for relief requested against the Defendants as follows: A constructive trust over Roncati's interest in the Architectura Defendants, and the Architectura Defendants, as it existed prior to the distribution of the Architectura Defendants' profits, and any proceeds derived from the Architectura Defendants by Roncati after July 1, 2003.

## TWELFTH COUNT
### (Embezzlement Against Roncati)

137.      Plaintiffs repeat and reallege each of the paragraphs above as if set forth in full herein.

138.      Roncati has withdrawn or caused to be withdrawn funds and assets, that were lawfully within his charge, from the Architectura Defendants without proper authority.

139.     Roncati has withdrawn or caused to be withdrawn funds and assets from the Architectura Defendants for improper purposes to his own financial gain.

140.     Roncati's embezzlement has caused Plaintiffs to sustain damages.

**WHEREAS**, Plaintiffs demand judgment against Roncati as follows:

a. Enjoining Roncati from transferring, disposing of, selling, encumbering or hypothecating any accounts, inventory, leases, equipment, real estate or other assets of the Architectura Defendants without the consent of all shareholders;

b. Directing that Roncati turn over all books and records relating to all of the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

c. Providing an accounting of all the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

d. Awarding compensatory damages, including prejudgment interest;

e. Awarding punitive damages;

f. Awarding attorney fees and cost of suit; and

g. Awarding such other and further relief as the Court may deem just, equitable and proper.

## THIRTEENTH COUNT
### (Fraud in the Inducement)

141.     Plaintiffs repeat and reallege each of the paragraphs above as if set forth in full herein.

142.     Induced solely by the representations and relying on them, Plaintiffs entered into the Agreements with Roncati and the Architectura Defendants.

143.     Plaintiffs are informed and believe, and on that basis aver, the representations contained therein were false and Defendants knew the representations were false when they were made.

144.     When Plaintiffs discovered that the representations were false, Plaintiffs demanded that Roncati and the Architectura Defendants agree to rescind the agreement and return to Plaintiffs their collective $400,000.00, but Defendants refused and still refuse to comply with either demand.

**WHEREFORE**, Plaintiffs demand judgment as follows:

   a.  Enjoining Roncati from transferring, disposing of, selling, encumbering or hypothecating any accounts, inventory, leases, equipment, real estate or other assets of the Architectura Defendants without the consent of all shareholders;

   b.  Directing that Roncati turn over all books and records relating to all of the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

   c.  Providing an accounting of all the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements,

account receivables, contracts, inventory, leases, real property, and other assets;

d.  Awarding compensatory damages, including prejudgment interest;

e.  Awarding punitive damages;

f.  Awarding attorney fees and cost of suit; and

g.  Awarding such other and further relief as the Court may deem just, equitable and proper.


## FOURTEENTH  COUNT
### (Conversion of stock against Roncati and the Architectura Defendants)

145.    Plaintiffs repeat and reallege each of the paragraphs above as if set forth in full herein.

146.    As set forth above, Defendants Roncati and The Architecture Defendants took possession of, and converted for their own use and enjoyment, Plaintiffs' stock certificates.

147.    Such unauthorized possession and conversion of Plaintiffs' assets were done willfully and intentionally.

148.    Because of Roncati and the Architectura Defendants' willful and intentional conduct, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

a.  Enjoining Defendants from transferring, disposing of, selling, encumbering or hypothecating any accounts, inventory, leases, equipment,

real estate or other assets of the Architectura Defendants without the consent of all shareholders;

b. Directing that Defendants turn over all books and records relating to all of the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

c. Providing an accounting of all the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

d. Awarding compensatory damages, including prejudgment interest;

e. Awarding punitive damages;

f. Awarding attorney fees and cost of suit; and

g. Awarding such other and further relief as the Court may deem just, equitable and proper.

## FIFTEENTH COUNT
### (Conversion against Roncati and the Architectura Defendants)

149.    Plaintiffs repeat and reallege each of the paragraphs above as if set forth in full herein.

150.    As set forth above, Defendants Roncati and the Architecture Defendants took possession of, and converted for their own use and enjoyment, Plaintiffs' monies.

151.    Such unauthorized possession and conversion of Plaintiffs' assets was done willfully and intentionally.

152.    Because of Roncati and the Architectura Defendants' willful and intentional conduct, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

a.  Enjoining Defendants from transferring, disposing of, selling, encumbering or hypothecating any accounts, inventory, leases, equipment, real estate or other assets of the Architectura Defendants without the consent of all shareholders;

b.  Directing that Defendants turn over all books and records relating to all of the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

c.  Providing an accounting of all the Architectura Defendants' bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

d.  Awarding compensatory damages, including prejudgment interest;

e.  Awarding punitive damages;

f.  Awarding attorney fees and cost of suit; and

g.  Awarding such other and further relief as the Court may deem just, equitable and proper.

## SIXTEENTH COUNT
### (Conversion against Lee)

153.     Plaintiffs repeat and reallege each of the paragraphs above as if set forth in full herein.

154.     As set forth above, at all times relevant herein, Lee was acted as Roncati's and the Architectura Defendants' agent, engaging in the business of a courier of monies, and hired himself out to Roncati and the Architectura Defendants to transport monies from Plaintiffs to Defendants in New Jersey.

155.     Defendant Lee took possession of, and converted for his own use and enjoyment, separate and identifiable funds of Kim, specifically designated for the Kim Agreement with Roncati and the Architectura Defendants for the Agreements.

156.     Such unauthorized possession and conversion of Plaintiffs' assets was done willfully and intentionally.

157.     Because of Lee's willful and intentional conduct, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs demand judgment against Lee as follows:

a.   Enjoining defendant Lee from transferring, disposing of, selling, encumbering or hypothecating any accounts, inventory, leases, equipment, real estate or other assets;

b.   Directing that defendant Lee turn over all books and records relating to all of his bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

c.   Providing an accounting of all Lee's bank accounts, investment accounts, account payables, credit card statements, account receivables, contracts, inventory, leases, real property, and other assets;

d.   Awarding compensatory damages, including prejudgment interest;

e.   Awarding punitive damages;

f.   Awarding attorney fees and cost of suit; and

g.   Awarding such other and further relief as the Court may deem just, equitable and proper.

Dated: Fort Lee, New Jersey
          November 13, 2006

                              _____/S/ ARS_____
                              ASIM R. SHAIKH, ESQ. (AS6574)
                              **POPPE & BHOURASKAR, LLP**
                              *Attorney for Plaintiffs Jin Ku Kim*
                              *and Hanvit Construction Company.*
                              2050 Centre Avenue
                              Suite 300
                              Fort Lee, New Jersey 07024
                              (201) 585-0046